UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONNIE R. LOVELL,                    )
                                     )
              Petitioner,            )
                                     )
       v.                            )          3:23-CV-443-KAC-JEM
                                     )          3:14-CR-55-KAC-JEM
UNITED STATES OF AMERICA,            )
                                     )
              Respondent.            )

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Petitioner Ronnie Lovell filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 74; 3:23-CV-443, Doc. 1][1],

which challenges his conviction for unlawfully possessing ammunition as a felon. For the reasons

below, the Court **DENIES** Petitioner's Section 2255 Petition.

I.      **Factual Background**

On August 16, 2013, detectives from the Knox County Sheriff's Office learned that

Petitioner had an active warrant for a violation of probation [Doc. 46 ¶ 10, *sealed].[2] As

"detectives were attempting to secure the [Petitioner's] residence," he "exited the rear of the

residence with an antique shotgun in his hands" [*Id.*]. Petitioner admitted to knowingly possessing

the shotgun and unloading the shotgun [*Id.*]. And law enforcement found shotgun ammunition in

the center console of Petitioner's car [*See id.*]. At the time, Petitioner was a felon [*See id.* ¶ 11].

His prior criminal convictions included seven aggravated burglaries and an assault of a police

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:14-CR-55.
[2] At Petitioner's sentencing, the Court adopted the Presentence Investigation Report [Doc. 46] without change [*See* Doc. 64 at 1, *sealed].

officer [*Id.* ¶¶ 34, 42-44].  On one occasion, Petitioner allegedly threatened that "he had a gun and was going to shoot someone" [*Id.* ¶ 34].

On May 6, 2014, a grand jury indicted Petitioner for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) [*See* Doc. 1 at 1].  Petitioner pled guilty without a plea agreement [Doc. 14].  The United States Court of Appeals for the Sixth Circuit vacated Petitioner's initial sentence on appeal, then the Court sentenced Petitioner to 180 months' imprisonment on October 28, 2020 [*See* Doc. 63 at 1].

On November 10, 2020, Petitioner appealed a second time [Doc. 67].  While his appeal was pending, on June 23, 2022, the Supreme Court decided *New York State Rifle & Pistol Association. Inc. v. Bruen.  See* 597 U.S. 1, 26 (2022).  On February 13, 2023, the Sixth Circuit affirmed Petitioner's sentence [*See* Doc. 70 at 2].  Petitioner sought a writ of certiorari from the Supreme Court, which the Supreme Court denied on October 16, 2023 [*See* Docs. 72, 73].  At no point during this nine-year process did Petitioner raise a Second Amendment challenge to his Section 922(g)(1) conviction [*See* Doc. 74 at 4].

On December 13, 2023, Petitioner filed the instant Motion, asserting that his conviction is unconstitutional because "18 U.S.C. § 922(g)(1) violates [the] 2nd Amendment Right to Keep and Bear Arms" [*See* Doc. 74 at 4].  He notes that he did not "raise this issue in [his] direct appeal" [*Id.*].  But he argues that he "was provided ineffective assistance of counsel" because his "attorney should have filed a motion to dismiss the charge" based on the Second Amendment [*See id.*].  But the only attorney named in the Petition is Petitioner's counsel on his second appeal [*See id.* at 11, Doc. 66].  Upon order of the Court, the United States responded to the Petition on January 15, 2026 [3:23-CV-443, Docs. 2, 3].  The Petition is now ripe.

## II.     Analysis

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence based on claims that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). To obtain post-conviction relief under Section 2255, as pled here, Petitioner bears the burden to show "an error of constitutional magnitude." *See Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (quoting *Harris v. United States*, 19 F.4th 863, 866 (6th Cir. 2021)).

Unless the "records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing." 28 U.S.C. § 2255(b). Despite the broad language, this provision requires the Court to hold an evidentiary hearing if "there is a factual dispute." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (citation omitted). An evidentiary hearing on factual allegations is not required if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. To the extent that Petitioner presents any factual allegations, they are conclusory [*See* Doc. 74 at 4]. Therefore, no evidentiary hearing is required. *See Martin*, 889 F.3d at 832.

Here, liberally construed in his favor, Petitioner argues that Section 922(g)(1), as applied to him, violates the Second Amendment [Doc. 74 at 4]. But Petitioner procedurally defaulted that claim.

Under the procedural-default rule, a prisoner presumptively cannot raise a claim in a Section 2255 motion if he did not raise that claim in the underlying litigation. *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022). This presumption can be overcome if "the prisoner can demonstrate 'cause' and 'prejudice,' or else actual innocence." *Fernandez v. United States*, 608 U.S. ----, 146 S. Ct. 1292, 1300 (2026) (quoting *Bousley v. United States*, 523 U.S. 614, 622

3

(1998)); *see also Gaither v. Lane*, 169 F.4th 716, 724 (6th Cir. 2026).  Petitioner admits that he did not raise his Second Amendment claim previously [*See* Doc. 74 at 4].  And he does not assert actual innocence.  So, Petitioner must show cause and prejudice.  *See Fernandez*, 146 S. Ct. at 1300.

Petitioner cannot excuse his procedural default.  To show cause, a petitioner must demonstrate that an "objective factor external to the defense" prevented him from raising the claim he now wishes to raise at trial or on direct appeal.  *Gaither*, 169 F.4th at 724 (citation omitted).  Petitioner relies on alleged ineffective assistance of counsel to show cause, but it is unclear whether he refers to his trial or appellate counsel, or both [*See* Doc. 74 at 4, 11].  In any event, ineffective assistance of counsel is an "objective factor" a petitioner could use to show cause.  *See Gaither*, 169 F.4th at 724.  But to establish ineffective assistance of counsel, Petitioner "must show that his counsel (1) provided deficient performance that (2) prejudiced the defense."  *See id*.  (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).  And "failing to raise wholly meritless claims is neither deficient nor prejudicial."  *Moody v. United States*, 958 F.3d 485, 492 (6th Cir. 2020) (citation omitted); *see also Kimbrough v. United States*, 71 F.4th 468, 471 (6th Cir. 2023).

Because a Second Amendment defense was meritless both pre- and post-*Bruen*, Petitioner cannot establish ineffective assistance of counsel excusing his procedural default.  Pre-*Bruen*, the Sixth Circuit "rejected Second Amendment challenges to § 922(g)(1)."  *Stimmel v. Sessions*, 879 F.3d 198, 203 (6th Cir. 2018) (citing *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010)), *abrogated by United States v. Gailes*, 118 F.4th 822 (6th Cir. 2024).  So, during Petitioner's (1) initial proceedings in this Court, (2) his first appeal, and (3) his re-sentencing, Petitioner's counsel was not ineffective for failing to raise a Second Amendment challenge, which was meritless under the law at the time.  *See Moody*, 958 F.3d at 492.  Similarly, without more, any

failure by counsel during this period to anticipate the Supreme Court's decision in *Bruen* is also not ineffective assistance of counsel. *See Wallace*, 43 F.4th at 602-03.

Post-*Bruen*, Petitioner's Section 922(g)(1) argument fares no better. The Second Amendment enshrines a fundamental, individual right. *See Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008). But that right "is not unlimited." *See id.* at 626. Section 922(g)(1) "is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024). "A person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary." *Id*. at 663. "An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous." *Id.*

Here, before Petitioner possessed the ammunition at issue, he had been convicted of an assault of a police officer and seven (7) aggravated burglaries, making him presumably dangerous [Doc. 46 ¶¶ 34, 42-44, *sealed]. And he has presented no facts to rebut that presumption. So, during Petitioner's second appeal and thereafter, Petitioner's counsel was not ineffective for failing to raise a Second Amendment challenge to Petitioner's conviction. *See Moody*, 958 F.3d at 492; *Williams*, 113 F.4th at 662-63. Accordingly, Petitioner has procedurally defaulted his Second Amendment challenge.

And even if Petitioner could somehow excuse his procedural default, his Second Amendment claim would fail on the merits for the same reason. Even today, Petitioner's Section 922(g)(1) conviction does not violate the Second Amendment. *See Williams*, 113 F.4th at 662-63.

And he has failed to show "an error of constitutional magnitude." *See Gabrion*, 43 F.4th at 578 (citation omitted).

## III. Conclusion

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 74; 3:23-CV-443, Doc. 1] and **DISMISSES** Petitioner's civil action, Case No.: 3:23-cv-443. An appropriate judgment will enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a Petitioner, the Court must "issue or deny a certificate of appealability." The Court may issue a certificate of appealability only when Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claims is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claims. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

6